UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    -vs-

ROBERT SACCO,

        Defendant.
_____

**ORDER**

Criminal Action No. 1:26-cr-31 (MAD)

    BASED ON THE JOINT STIPULATION AND THE FOLLOWING FINDINGS, IT IS HEREBY ORDERED:

1.    That the sixty (60) day period, from February 6, 2026 to and including **April 6, 2026**, shall be excludable in computing time under the Speedy Trial Act. Based on the stipulated facts and findings set forth in the joint stipulation which the Court incorporates into this Order and adopts them as findings, the Court further finds, pursuant to 18 U.S.C. §3161(h)(7)(A), that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial.

2.    The deadline for the completion of discovery by the United States shall be completed on or before **April 10, 2026** (otherwise due within 14 days of arraignment pursuant to Local Rules of Criminal Procedure and the Criminal Pretrial Order). The deadline for the completion of reciprocal discovery by the Defendant shall be completed on or before **April 17, 2026** (otherwise due within 21 days of arraignment pursuant to Local Rules of Criminal Procedure and the Criminal Pretrial order).

3. Any pretrial motions in this case shall be filed on or before **April 24, 2026,** and shall be made returnable <u>on submit</u> before Judge Mae A. D'Agostino with no appearances necessary.

4. Any change of plea shall be entered on or before **May 22, 2026.**

5. All pretrial submissions as set forth in the criminal pretrial scheduling order (Dkt. No. 12) are due on or before **May 26, 2026.**

6. A Final Pretrial Conference will be held **on Tuesday, June 2, 2026 at 11:00 a.m.** in Albany before Judge Mae A. D'Agostino. Counsel are directed to report to Judge D'Agostino's chambers for this conference.

7. Jury Trial is scheduled to commence on **Monday, June 8, 2026 at 9:30 a.m.** before Judge Mae A. D'Agostino in Albany, New York.

IT IS SO ORDERED

Dated: February 6, 2026
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:26-CR-031 (MAD) |
| | ) | |
| **v.** | ) | **STIPULATION AND ORDER** |
| | ) | **FOR CONTINUANCE** |
| **ROBERT SACCO** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

Robert C. Gottlieb, Esq., the attorney for ROBERT SACCO having moved for a continuance of 60 days within which the parties may complete discovery, file motions and prepare for trial in the above-captioned action and John A. Sarcone III, Acting United States Attorney for the Northern District of New York AUSA, Assistant U.S. Attorney, appearing, having consented to the continuance and proposed the exclusion of the additional 60 period of continuance under the Speedy Trial Act, the parties hereby stipulate and agree as follows:

1) The prior proceedings in this case occurred as follows:

   a) Date of initial appearance or arraignment: February 3, 2026

   b) Date of indictment: January 28, 2026

   c) Defendant custody status: January 24, 2026

      i) Date United States moved for detention: January 24, 2026

      ii) Date of detention hearing: January 24, 2026

      iii) Date detention decision issued: January 24, 2026

2) ROBERT SACCO has requested the continuance based on the following facts and circumstances:

   a) On or about February 2, 2026, defendant was transferred from the Eastern District of New York to the Northern District of New York. On February 3, 2026, defendant had his initial

appearance before the Honorable Daniel J. Stewart, U.S. Magistrate Judge. On February 4, 2026, defense counsel entered a notice of attorney appearance in the case. *See* Dkt. 16. The requested continuance will allow for the reasonable time necessary for the newly-retained defense counsel to obtain and review discovery from the Government, as well as to confer with the government to pursue the negotiation of a disposition of the charges against the defendant and asses collateral consequences

3)      The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendants in a speedy trial because it allows for the reasonable time necessary for the newly-retained defense counsel to review the discovery that will be produced by the government and confer with the government to pursue the negotiation of a disposition of the charges against the defendant, and research and assess collateral consequences, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: February 4, 2026

                                              /s/
                                         TODD BLANCHE
                                         Deputy Attorney General

                                         JOHN A. SARCONE III
                                         Acting United States Attorney

                     By:     */s/ Allen J. Vickey*
                                         AUSA Name
                                         Assistant United States Attorney
                                         Bar Roll No. 513696

                                      */s/ Robert C. Gottlieb*
Robert C. Gottlieb, Esq.
Attorney for ROBERT SACCO
Bar Roll No. 105698

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:26-CR-031 (MAD) |
| | ) | |
| v. | ) | |
| | ) | |
| **ROBERT SACCO** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

ORDER

A. The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

1. The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial because this delay is necessary in order to allow the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED:

A. A period of 60 days, from the date of the signing of this Order shall be excludable in computing time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) in order to give the parties the reasonable time necessary for effective preparation.

B. The deadline for the completion of discovery by the United States (otherwise due within 14 days of arraignment pursuant to the terms of the Local Rules of Criminal Procedure and the

Criminal Pretrial Order) will be extended by 60 days to _____ in order to allow for the parties to discuss a protective Order with regard to the discovery involved in this case. The deadline for the completion of reciprocal discovery by the Defendant (otherwise due within 21 days of arraignment pursuant to the terms of the Local Rules of Criminal Procedure and the Criminal Pretrial Order) will be extended by _____ days to _____.

C.  Any pretrial motions in this case shall be filed on or before _____ and shall be made returnable on _____.

D.  The trial in this matter shall begin on _____ before United States District Judge Mae A. D'Agostino in Albany, New York or, in the alternative, a change of plea shall be entered on or before _____.

IT IS SO ORDERED.

Dated and entered this _____ day of February, 2026.

_____
Hon. Mae A. D'Agostino
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:26-CR-031 (MAD) |
| | ) | |
| **v.** | ) | **STIPULATION AND ORDER** |
| | ) | **FOR CONTINUANCE** |
| **ROBERT SACCO** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

     Robert C. Gottlieb, Esq., the attorney for ROBERT SACCO having moved for a continuance of 60 days within which the parties may complete discovery, file motions and prepare for trial in the above-captioned action and John A. Sarcone III, Acting United States Attorney for the Northern District of New York AUSA, Assistant U.S. Attorney, appearing, having consented to the continuance and proposed the exclusion of the additional 60 period of continuance under the Speedy Trial Act, the parties hereby stipulate and agree as follows:

1)    The prior proceedings in this case occurred as follows:

    a)    Date of initial appearance or arraignment: February 3, 2026

    b)    Date of indictment: January 28, 2026

    c)    Defendant custody status: January 24, 2026

        i)    Date United States moved for detention: January 24, 2026

        ii)    Date of detention hearing: January 24, 2026

        iii)    Date detention decision issued: January 24, 2026

2)    ROBERT SACCO has requested the continuance based on the following facts and circumstances:

    a)    On or about February 2, 2026, defendant was transferred from the Eastern District of New York to the Northern District of New York. On February 3, 2026, defendant had his initial

appearance before the Honorable Daniel J. Stewart, U.S. Magistrate Judge. On February 4, 2026, defense counsel entered a notice of attorney appearance in the case. *See* Dkt. 16. The requested continuance will allow for the reasonable time necessary for the newly-retained defense counsel to obtain and review discovery from the Government, as well as to confer with the government to pursue the negotiation of a disposition of the charges against the defendant and asses collateral consequences

3)    The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendants in a speedy trial because it allows for the reasonable time necessary for the newly-retained defense counsel to review the discovery that will be produced by the government and confer with the government to pursue the negotiation of a disposition of the charges against the defendant, and research and assess collateral consequences, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: February 4, 2026

                                          /s/
                                    TODD BLANCHE
                                    Deputy Attorney General

                                    JOHN A. SARCONE III
                                    Acting United States Attorney

                      By:    */s/ Allen J. Vickey*
                           AUSA Name
                           Assistant United States Attorney
                           Bar Roll No. 513696

*/s/ Robert C. Gottlieb*
Robert C. Gottlieb, Esq.
Attorney for ROBERT SACCO
Bar Roll No. 105698

Case 1:26-cr-00031-MAD     Document 19     Filed 02/06/26     Page 10 of 12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:26-CR-031 (MAD) |
| | ) | |
| v. | ) | |
| | ) | |
| **ROBERT SACCO** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

ORDER

A. The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

1. The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial because this delay is necessary in order to allow the parties the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED:

A. A period of 60 days, from the date of the signing of this Order shall be excludable in computing time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) in order to give the parties the reasonable time necessary for effective preparation.

B. The deadline for the completion of discovery by the United States (otherwise due within 14 days of arraignment pursuant to the terms of the Local Rules of Criminal Procedure and the

Criminal Pretrial Order) will be extended by 60 days to _____ in order to allow for the parties to discuss a protective Order with regard to the discovery involved in this case. The deadline for the completion of reciprocal discovery by the Defendant (otherwise due within 21 days of arraignment pursuant to the terms of the Local Rules of Criminal Procedure and the Criminal Pretrial Order) will be extended by _____ days to _____.

C.   Any pretrial motions in this case shall be filed on or before _____ and shall be made returnable on _____.

D.   The trial in this matter shall begin on _____ before United States District Judge Mae A. D'Agostino in Albany, New York or, in the alternative, a change of plea shall be entered on or before _____.

IT IS SO ORDERED.

Dated and entered this _____ day of February, 2026.

_____
Hon. Mae A. D'Agostino
United States District Judge